ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EDWARDO MUÑIZ PÉREZ<br><br>Apelante<br><br>v.<br><br>GRAMA MIA CORP.<br><br>Apelada | TA2026AP00102 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: PO2024CV01866<br><br>Sobre: Despido Injustificado (Ley 80) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nosotros el señor EDWARDO MUÑIZ PÉREZ (Sr. Muñiz Pérez; apelante; demandante) mediante un recurso de Apelación presentado el 29 de enero de 2026 contra GRAMA MIA CORP., (GRAMA MIA; apelada), y recurre de la **Sentencia** emitida el 9 de diciembre de 2025, y notificada el 10 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala de Ponce (TPI), en la cual se declaró ha lugar la *Solicitud de Sentencia Sumaria* presentada por la apelada.

Adelantamos que, por los fundamentos que exponemos a continuación, se desestima el recurso por falta de jurisdicción por presentación tardía.

**I**

Surge del expediente del recurso ante nuestra consideración que el Sr. Muñiz Pérez, quien fue empleado de Grama Mia, presentó el 4 de julio de 2024 una *Querella*,[1] contra la parte apelada por despido injustificado conforme a lo dispuesto en la Ley Núm. 80 de 30 de mayo de 1976 (Ley 80),

---

[1] SUMAC, Entrada 1 en PO2024CV01866.

por conducto del procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961; el Sr. Muñiz Pérez alegó que su separación del trabajo con Grama Mia fue imputable a su patrono y fue sin justa causa. El apelante sostuvo que las circunstancias de su salida del empleo fue un despido que es protegido por la Ley 80, *supra*, y que no fue por abandono por el apelante.

Luego de los trámites de rigor, la parte apelada presentó el 1 de mayo de 2025 una *Moción en Sol[i]citud de Sentencia Sumaria*,[2] en la cual **solicitó la desestimación sumaria de la reclamación del apelante por despido injustificado contra Grama Mia**. El 2 de junio de 2025, el Sr. Muñiz Pérez presentó una *Moción en Oposición a Sentencia Sumaria*.[3]

El TPI emitió una *Sentencia* el 9 de diciembre de 2025, notificada el 10 de diciembre de 2025, la cual declaró "**HA LUGAR** la 'Solicitud de Sentencia Sumaria' presentada por la [parte apelada] por no existir controversias sobre hechos medulares del caso que [le] impidan emitir un dictamen sumario" y se desestimó el caso ante el foro apelado.[4] Inconforme, el apelante presentó el 22 de diciembre de 2025 una *Moción de Reconsideración*[5] y el TPI emitió una *Resolución interlocutoria*, el 8 de enero de 2026, notificada el 9 de enero de 2026[6], la cual declaró "No Ha Lugar a la solicitud de Reconsideración".[7]

Aún inconforme, el Sr. Muñiz Pérez presentó y notificó el recurso de apelación ante nuestra consideración el 29 de enero de 2026, a las 2:57pm, en el cual nos solicita que dejemos "sin efecto la desestimación de la querella presentada por el peticionario Edwardo Muñiz Pérez al amparo de la Ley Núm. 80 de 30 de mayo de 1976, y devuelva el caso al Tribunal de Primera Instancia para la celebración de un juicio en los méritos, en el cual se ventilen adecuadamente las controversias de hechos materiales existentes y se adjudique la reclamación conforme al derecho sustantivo

---

[2] SUMAC, Entrada 18 en PO2024CV01866.
[3] SUMAC, Entrada 28 en PO2024CV01866.
[4] SUMAC, Entrada 36 a la pág. 16, en PO2024CV01866.
[5] SUMAC, Entrada 37 en PO2024CV01866.
[6] SUMAC, Entrada 38 en PO2024CV01866.
[7] *Id.*

laboral aplicable."[8] En el recurso de apelación ante nos, el apelante expone los siguientes señalamientos de errores:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al acoger una moción de sentencia sumaria y desestimar la querella, pese a la existencia de controversias de hechos materiales relacionadas con las circunstancias que rodearon el cese de la relación laboral y la conducta imputable a la parte patronal, en violación del estándar aplicable bajo la Regla 36 de Procedimiento Civil.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al concluir, como cuestión de derecho, que el peticionario abandonó voluntariamente su empleo, aplicando erróneamente el concepto de despido bajo la Ley Núm. 80, sin considerar que los hechos alegados podían razonablemente configurar un despido imputable al patrono, cuestión que requería adjudicación en un juicio en los méritos

> TERCER ERROR: Erró el Tribunal de Primera Instancia al aplicar de forma restrictiva y formalista la Ley Núm. 80 y el procedimiento sumario de la Ley Núm. 2, frustrando el propósito protector y remedial de la legislación laboral y privando al peticionario de su derecho a que la controversia fuera ventilada en un juicio en los méritos.

El 29 de enero de 2026, Grama Mia presentó y notificó, a las 4:45pm, el escrito titulado *MOCIÓN EN DESESTIMACIÓN CON APELACIÓN POR FALTA DE JURISDICCIÓN*, en la cual se expone, alega y solicita lo siguiente:

1. Que, en [el] presente con fecha del 29 de enero de 2026, la parte Querellante/Apelante sometió la apelación de autos.
2. Que[,] de la misma fa[z] del epígrafe del caso, y de los autos surge que el presente es un procedimiento sumario bajo la [L]ey 2 del 17 de octubre de 1968 según enmendada, la cual en su sección 9 establece y citamos:
   Sección 9. — (32 L.P.R.A. § 3127) Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia **podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia**. La parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de Certiorari al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones.
3. Que[,] **de la faz de la apelación, surge que la sentencia fue emitida el 9 de diciembre de 2025 y notificada el 10 de diciembre de 2025,** la cual fue suscrita por el Hon. Hamed G. Santaella Carlo, Juez Superior[.] Posteriormente, **el peticionario presentó Moción de Reconsideración dentro**

---

[8] SUMAC, Entrada 38, a la pág. 24, en PO2024CV01866.

**del término, respecto de la Sentencia emitida el 9 de diciembre de 2025 y notificada el 10 de diciembre de 2025**. Sin embargo, **mediante Resolución Interlocutoria de 8 de enero de 2026, suscrita por el Hon. Hamed Santaella Carlo, el Tribunal de Primera Instancia declaró No Ha Lugar** dicha reconsideración.

4. Que **conforme dispone dicha [L]ey 2 sobre el procedimiento sumario, la parte querellante/apelante tenía hasta el 18 de enero que por ser domingo se mueve al próximo día hábil que era el martes 20 de enero por el lunes 19 ser feriado.**

5. Que **la presente apelación fue radicada fuera de término**[,] por lo que **el Tribunal de Apelaciones carece de jurisdicción para entender en dicho asunto**. (Énfasis nuestro.)

**II**

Es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Cuestionada esta, nos corresponde, como deber ministerial, realizar un análisis riguroso sobre nuestra jurisdicción pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

En lo pertinente, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que **"[e]l Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar un auto discrecional **por cualesquiera de los motivos consignados** en el inciso (B) precedente". (Énfasis nuestro.) A tales efectos, el inciso (B) de la antes citada regla establece los siguientes motivos:

**(1) que el Tribunal de Apelaciones carece de jurisdicción;**
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
(5) que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-A, R. 83 (B).

Una vez haberse notificado la sentencia apelada, el apelante presentó una moción de reconsideración ante el TPI, **dentro del término, respecto de la Sentencia emitida el 9 de diciembre de 2025 y notificada el 10 de diciembre de 2025**, previo a acudir al Tribunal de Apelaciones. El TPI declaró No Ha Lugar la moción de reconsideración el 8 de enero de 2026, y el apelante tuvo la oportunidad de presentar su recurso de apelación hasta el 20 de enero de 2026 **conforme a lo dispuesto en la Ley 2 sobre el procedimiento sumario, sin embargo,** el Sr. Muñiz Pérez presentó y notificó el recurso de apelación ante nuestra consideración el 29 de enero de 2026, luego de haberse transcurrido el término para así hacerlo. Una vez determinamos que carecemos de la autoridad para atender un recurso, solo podemos así declararlo y desestimar el caso.

**III**

Por las razones que anteceden, se desestima el recurso de apelación por falta de jurisdicción, al haberse presentado de forma tardía.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Martínez Cordero concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones